## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Champe, Administratrix.

[No. 8,087. Filed October 17, 1913. Rehearing denied December 18, 1913.]

1. Pleading.—*Complaint.—Initial Attack after Verdict.*—A complaint, attacked for the first time after verdict, will be held sufficient if it does not wholly omit some essential averment and is sufficient to bar another action for the same cause. p. 246.

2. Death.—*Actions. — Complaint. — Existence of Beneficiaries.*—A complaint against a railroad company alleging the names of decedent's children and that decedent's death was caused by the negligence of defendant's servants in charge of the engine which struck her is not affected by the allegation that "plaintiff is entitled to recover for and on behalf of the estate", but is within §285 Burns 1908, Acts 1899 p. 405, providing that an action to recover for the wrongful death of another must be brought by the personal representative of the decedent for the benefit of the widow and children, if any, or next of kin, and is sufficient without alleging that such children were dependent on decedent for their support. p. 246.

3. Railroads.—*Crossing Accidents.—Instructions.*—An instruction stating in general terms the degree of care required of a traveler on a highway on approaching a railroad crossing, as preliminary to the proposition that the burden of proof as to contributory negligence was upon defendant, was not, in view of other instructions stating the degree of care required of such traveler by the law, open to the objection that it left the degree of care required open to conjecture by the jury. p. 248.

4. Railroads.—*Crossing Accidents.— Presumptions.— Contributory Negligence.*—In an action for the death of one killed at a railroad crossing, the law indulges no presumptions as to the negligence of the defendant or the contributory negligence of the injured party. p. 249.

5. Appeal.— *Review.— Harmless Error.— Instructions.*—In an action for the death of one killed at a railroad crossing, an instruc-

# 244    APPELLATE COURT OF INDIANA,

tion informing the jury that an absence of evidence on the subject of contributory negligence created the presumption that decedent was in the exercise of the degree of care required by law, though erroneous, was harmless, where the jury's answers to interrogatories show that the verdict rested on facts proven and not upon any presumption. p. 249.

6. TRIAL.—*Instructions.—Repetition.*—Where the court had stated in one instruction the conditions under which the doctrine of last clear chance applies, it was not necessary to repeat them in another instruction in which the doctrine was referred to. p. 250.

7. APPEAL.—*Review.—Harmless Error.—Instructions.*—An instruction on the doctrine of last clear chance, even if open to the objections urged against it by appellants, was not harmful in view of answers to interrogatories affirmatively showing that the verdict does not rest on the doctrine of last clear chance. p. 250.

8. DEATH.—*Actions.—Measure of Damages.*—In an action under §285 Burns 1908, Acts 1899 p. 405, for a wrongful death, the damages are limited to the pecuniary loss suffered by the widow or next of kin for whose benefit the suit is maintained. p. 251.

9. APPEAL.— *Review.— Harmless Error.— Instructions.*—In an action for a wrongful death an instruction on the measure of damages clearly and definitely limiting the recovery to pecuniary loss, was not erroneous although it contained an expression which standing alone might be construed as fixing an erroneous standard for measuring the damages, and especially was the defect harmless in view of other instructions clearly stating that there could be no recovery except on proof of loss or damage sustained by those for whom the action was brought. p. 251.

10. DEATH.—*Excessive Damages.*—A verdict in an action for a wrongful death will not be set aside on the ground that the damages awarded are excessive, where it cannot be said from the evidence that the amount was excessive, although it appears to have been liberal. p. 252.

From Superior Court of Marion County (79,857) ; *Clarence E. Weir*, Judge.

Action by Amy A. Champe, administratrix of the estate of Eliza Champe, deceased, against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Carter & Morrison, Frank L. Littleton* and *Leonard J. Hackney,* for appellant.

*George W. Galvin,* for appellee.

FELT, J.—This was a suit for damages against appellant for the alleged negligent · killing of appellee's decedent. From a judgment in favor of the appellee for $1,650, appellant appeals and assigns as error: (1) Appellee's complaint does not state facts sufficient to constitute a cause of action; and, (2) error in overruling the motion of appellant for a new trial.

The complaint charges in substance that appellee is the duly appointed administratrix of the estate of Eliza Champe, deceased; that appellant is a duly organized railway corporation, and as such operates a railroad which passes through the city of Indianapolis; that there was at the time of the alleged accident in force in the city of Indianapolis, an ordinance, making it the duty of every engineer, conductor or other person engaged in running any locomotive to ring the bell attached thereto, when the engine was moving through the city and making it unlawful to run such engine at a greater rate of speed than four miles an hour, or to run the same between the hours of sunset and sunrise unless the engine was provided with a white light on the front end and a red light on the rear of such locomotive, car, or train of cars, and providing a fine for the violation of such ordinance; that on or about July 31, 1909, while appellee's decedent was in the proper and careful use of South New Jersey Street, in said city, where appellant's tracks cross the same, she was carelessly and negligently struck by one of appellant's engines, which was carelessly and negligently run and operated by it along said tracks, across said street, at a speed of more than four miles per hour, without ringing the bell on said locomotive and without a light on the front end thereof, all in violation of the ordinance of said city; that appellant carelessly and negligently ran said engine against said decedent, and thereby knocked her down and crushed and killed her; that decedent left surviving her, two children, Amy A. Champe and William Champe. "That by virtue of the laws of the State

of Indiana, plaintiff is entitled to recover for and on behalf of the estate of Eliza Champe, the sum of Ten Thousand Dollars'', for which amount judgment is demanded.

To this complaint, appellant filed answer in general denial. Where a complaint is first attacked after verdict, the rule has been many times stated and followed that

1. it will be held sufficient if it does not wholly omit any essential averment and is sufficient to bar another suit for the same cause of action.

The objections urged to the complaint are: (1) that the suit is brought for the benefit of the estate of the decedent and not for the benefit of the children or next of

2. kin; (2) that while the complaint alleges the names of the children of the decedent, it does not show that they suffered any damage by her death. Under the rules of pleading above announced, neither of the objections is tenable. The complaint alleges the names of the children of the decedent and avers facts showing that her death was caused by the negligence of the servants of appellant in charge of the engine which struck her. The facts averred bring the case under the provisions of §285 Burns 1908, Acts 1899 p. 405. The suit must be brought by the personal representative of the decedent ''for the benefit of the widow and children, if any, or next of kin''. Where the complaint alleges that the decedent left children surviving her, it is sufficient. It is not necessary to aver that such persons were dependent on the decedent for support, and proof of their pecuniary loss occasioned by the death may be received without such averments. *Salem, etc., Stone Co.* v. *Hobbs* (1894), 11 Ind. App. 27, 29, 38 N. E. 538; *Stewart* v. *Terre Haute, etc., R. Co.* (1885), 103 Ind. 44, 47, 2 N. E. 208; *Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48, 77; *Pennsylvania Co.* v. *Coyer* (1904), 163 Ind. 631, 634, 72 N. E. 875. The phrase ''plaintiff is entitled to recover for and on behalf of the estate'' is in the nature of a con-

clusion and does not destroy the effect of the averment giving the names of the surviving children of the decedent.

A new trial was asked on the ground that the verdict of the jury is not sustained by sufficient evidence; that the verdict is contrary to law; that the damages assessed are excessive; and error in the giving and in refusing to give certain instructions. Certain interrogatories were submitted to the jury and in addition to the general verdict, they returned answers thereto. The substance of these answers reveals the main facts of the case as follows: That decedent was killed at about 8:30 p. m., on July 31, 1909, and was struck while walking south on the east side of New Jersey Street, at a point where the tracks of appellant cross said street; that she was struck by an east bound engine on the south track, after she had passed over three other adjacent tracks of the appellant; that there was a light on the engine that struck her but it was not burning at the time of the accident and had not been burning from the time the engine passed the viaduct west of New Jersey Street; that there was a bell on the engine but it was not ringing as it passed over New Jersey Street nor did it ring after the engine passed the viaduct, but did ring after decedent was struck; that she could not, by looking west before she entered upon the first track, have seen the engine that struck her had it been at any point within 250 feet of the place where she was struck; that just before she entered upon the track on which she was struck, she could not have seen the engine that struck her had it been at any point west and within 150 feet of the place where she was struck; that she was prevented from seeing by darkness; that she could not, as she approached the track on which she was injured, have seen the train in time to avoid being struck; that she could have heard the bell on the engine had it been ringing; that the bell did not ring continuously from the time the engine passed under the viaduct until it struck her; that her eyesight and hear-

ing were good; that the engine was moving four miles an hour when she was struck; that her view to the west was obstructed by piles of lumber and by the watchman's shanty; that the east sidewalk near the track on which decedent was struck was at the time partly obstructed by piles of cinders and railroad iron four to five feet in height and about sixteen feet in width and the same prevented decedent from having the free use of the sidewalk; that decedent could not, after she passed over the north track, tell by looking west, upon which of the several tracks an engine was approaching; that there were no lights at or near the crossing where decedent was struck and it was very dark; that she could not, by looking as she approached the railroad tracks at New Jersey Street, tell upon what track a locomotive was running if one was approaching; that after decedent was struck, the engineer moved the engine that struck her some distance away from the crowd and lighted the headlight on the engine; that those in charge of the engine that struck decedent, could by the exercise of reasonable care have discovered her presence and peril in time to have avoided injuring her; that those in charge of the engine did not, after it started west of the viaduct until it struck and killed decedent, sound the whistle or give any signal which indicated the approach of the engine to New Jersey Street; that the decedent was wearing a white shirtwaist; that the fireman or the engineer could, by looking, have seen all the tracks crossing New Jersey Street after he reached the west side of the street.

Appellant complains of the giving of certain instructions by the court and of its refusal to give certain instructions tendered by appellant. It is urged that by instruction No. 10 the court undertook to state the degree of care required of a traveler on a highway when approaching a railroad crossing at grade, and that the court erred in not stating as a matter of law the degree of care required; also that the instruction left it to the jury to determine whether the traveler, in this case, exercised the care re-

quired by the law.   The instruction is not open to the objections urged against it.   The court in instructions Nos. 13, 14 and 14½ stated to the jury the degree of care required of such traveler by the law, and in the first part of instruction No. 10 stated such rule of care in general terms as preliminary to the proposition that the burden of proving contributory negligence in such case rests upon the defendant. The degree of care required of such traveler was not left open to conjecture by the jury nor was the statement of the rule erroneous when considered in connection with the remaining portion of the instruction and the other instructions given.   The further objection is urged to this instruction that after stating that the burden was on the railway company to prove contributory negligence of the decedent, the court also informed the jury that in the absence of any evidence on that subject, the presumption is, that the plaintiff's decedent did exercise such degree of care as the law requires.   The law applicable to the case at bar as declared in this State indulges no presumptions as to the negligence of the appellant or the contributory negligence of the injured party, but leaves such questions to be determined from the evidence as ultimate facts.   *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 525, 79 N. E. 499; *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 705, 88 N. E. 612.   This part of the instruction was therefore erroneous and it remains to be determined whether the error was harmful to appellant.   The answers of the jury to the interrogatories show clearly the actionable negligence of the appellant.   By statute, contributory negligence is a matter of defense, the burden of proving which rests upon the defendant.   The answers of the jury in this case are full and complete on the issuable facts and show affirmatively that neither the general verdict nor the answers to interrogatories were in any way influenced by the erroneous statement of presumption of due care on the part of the decedent.   The physical facts found

by the jury in the answers to the interrogatories are of such a character as to show that no presumption could have changed or modified them in any respect, or influenced the jury in arriving at the general verdict; that the decision rests entirely upon facts proven by the evidence and not upon any presumption. The Supreme Court in *Evansville, etc., R. Co.* v. *Berndt, supra,* 705, held that an instruction similar to the one under consideration was erroneous, but harmless because there was no evidence tending to show contributory negligence. In the case at bar, the evidence tending to show contributory negligence consisted of statements to the effect that there was a light on the engine and that decedent could have looked west along the track and discovered it in time to avoid being struck. The jury by answers to the interrogatories found that the light was not burning as the engine approached and that decedent could not see the approaching engine because of obstructions and the darkness, and that no warning of any kind was sounded. The situation therefore is the same as if there had been no evidence on the subject of contributory negligence and the instruction though erroneous was harmless.

It is also insisted that the court erred in giving the jury instruction No. 15½. It is claimed that the instruction contains an incomplete statement of the doctrine of last clear chance and is erroneous by reason of the use of the word "opinion". The court did not, in this instruction, state in detail the conditions under which the doctrine of last clear chance is applicable, but it had already done so in instruction No. 9 and it was not necessary to repeat it. Furthermore, if erroneous, in the particulars claimed, the appellant was not harmed, for the answers to the interrogatories show affirmatively that the verdict of the jury does not rest on the doctrine of last clear chance, and that the case is one of ordinary actionable negligence on the part of the appellant resulting in the death of

the injured party.  In view of this finding, the error, if any, was harmless.

It is also contended that the court in instruction No. 18 gave the jury an erroneous standard of the measure of damages.  Damages in such cases are limited to the pecuniary loss suffered by the widow or next of kin for whose benefit the suit is maintained.  *Consolidated Stone Co.* v. *Staggs* (1905), 164 Ind. 331, 337, 73 N. E. 695; *Commercial Club* v. *Hilliker* (1898), 20 Ind. App. 239, 243, 50 N. E. 578.  It may be conceded that in the closing part of this instruction the court used an expression, which standing alone might be construed to mean something more than pecuniary loss to the son and daughter.  The instruction is long and need not be set out in this opinion.  It clearly and definitely limits the recovery to pecuniary loss.  Furthermore, in instruction No. 3 given by the court, the facts essential to a recovery are set out and it is there clearly stated that there can be no recovery unless the children of the decedent have been proven to have sustained loss or damage as a result of her death.  In instruction No. 19 the court told the jury there was no presumption that the next of kin had suffered any pecuniary loss by her death and that before it could find that her children had sustained such loss, the fact must be established by a preponderance of the evidence, and if not so proven the verdict must be for the defendant.  The instruction complained of when fairly construed gave a correct idea of the measure of damages and when considered in connection with the others given on the subject makes it certain that no harmful error was committed in the instructions complained of.

The other objections to the instructions given and refused have been carefully considered but are not of a character to require detailed consideration in this opinion.  When fairly construed, the instructions given correctly informed

the jury as to the law applicable to the case, and those refused which were applicable to the issues and evidence were covered by others given.

A new trial was asked on the ground that the damages assessed are excessive. While the amount is· fairly liberal, after reading the evidence we can not say that it is so excessive as to call· for a reversal of the judgment by this court. *Indianapolis, etc., R. Co.* v. *Wall* (1913), 54 Ind. App. 43, 101 N. E. 680 and cases there cited.

The other contention of appellant that the verdict is not sustained by sufficient evidence is not tenable. The questions suggested relating to the proof are technical. Considering the inferences that may be drawn from the facts proven, there is no failure to connect appellant with the injury. We find no reversible error. Judgment is affirmed.

NOTE.—Reported in 102 N. E. 868. As to actions and damages for wrongful death, see 12 Am. St. 375; 70 Am. St. 669. On the question of presumption as to exercise of due care by person found killed at crossing, see 16 L. R. A. 261. As to what is an excessive verdict in an action for death by a wrongful act, see 18 Ann. Cas. 1209. See, also, under (1) 31 Cyc. 770; (2) 13 Cyc. 341-343; (3) 33 Cyc. 1138; (4) 33 Cyc. 1066, 1070; (5) 38 Cyc. 1815; (6) 38 Cyc. 1681; (8) 13 Cyc. 366, 367; (9) 38 Cyc. 1782; (10) 13 Cyc. 375.