CITY OF LOGANSPORT v. GREEN, ADMINISTRATRIX.

[No. 23,860. Filed June 9, 1922.]

1. APPEAL.—Review.—Harmless Error.—Overruling Motion to Make Complaint More Specific.—Facts within Defendant's Knowledge.—In an action against a city for the death of one electrocuted by a current transmitted from a high voltage wire to a low voltage service wire by the branches of a tree through which the wires were strung, error, if any, in overruling defendant's motion to make the complaint more specific by requiring plaintiff to state from which of the high voltage wires the electricity escaped into the service wire, the location of the tree through which it escaped and how long it had been doing so, and exactly how it could be and was transmitted to the service wire, was not prejudicial to defendant, such facts being peculiarly within defendant's knowledge, and constituting a defense, by way of rebuttal, to plaintiff's prima facie case. p. 256.

2. ELECTRICITY.—Transmission of Electric Current.—Death by Electrocution.—Evidence.—Defendant's Knowledge of Diversion of High Voltage Current.—In an action against a city for the death of one electrocuted by a current transmitted from a high voltage wire to a low voltage service wire by the branches of a tree through which the wires were strung, where plaintiff contended that the diversion was momentary when a branch of the tree would touch both wires, evidence that on other occasions, a few months previous, the service wire caused fires

in trees through which it passed, that the city fire department and trouble men from the electric plant were called, and that the current was shut off on that account, was competent as tending to prove that defendant knew, or by the exercise of diligence should have known, of the condition in time to have cut down or trimmed the tree. p. 258.

3. TRIAL. — Instructions. — Request. — Sufficiency. — Failure to Sign Instructions.—Statutes.—Under §558, cl. 5, Burns 1914, §533 R. S. 1881, the refusal to give instructions not properly signed by the party requesting them or his attorney, as required by §561 Burns 1914, Acts 1907 p. 652, is not available error. p. 259.

4. NEGLIGENCE.—Contributory Negligence.—Burden of Proof.— Presumptions.—Statutes.—Under §362 Burns 1914, Acts 1899 p. 58, contributory negligence in an action for wrongful death constitutes a matter of defense of which defendant has the burden of proof, with no presumptions in favor of either party. p. 260.

5. APPEAL. — Review. — Harmless Error.— Instructions.— Contributory Negligence.—Presumptions.—In an action for wrongful death, error, if any, in an inaccurate instruction as to presumption of decedent's freedom from contributory negligence, was harmless, where there was no evidence fairly tending to prove contributory negligence. p. 260.

6. APPEAL.— Review.— Instructions.— Repetitions.—Invited Error.—In an action for death by electrocution, a general objection by defendant to all of the thirty-nine instructions, of which nineteen were given at its request, on the ground that they needlessly repeated, to the extent of being prejudicial, references to the deadly and dangerous character of the high voltage currents carried by defendant's wires, cannot be sustained, where defendant did not specify which of the instructions contained needless and improper references, and the expression "high and deadly current" occurred four times in one instruction, and again in another, given at defendant's request. p. 261.

7. APPEAL.— Briefs.— Sufficiency.— Pointing Out Objections.— The brief of appellant should point out specifically objections to instructions on which he relies. p. 261.

From Miami Circuit Court; Charles A. Cole, Judge.

Action by Mabelle Green, administratrix of the estate of Harry M. Green, against the city of Logansport. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*R. C. Hillis* and *E. P. Kling,* for appellant.
*Rabb, Mahoney & Fansler,* for appellee.

EWBANK, J.—This was an action against the appellant city for damages for negligently causing the death of Harry M. Green, by electrocution. The complaint charged that the appellant city operated an electric light and power plant, and maintained a line of poles on Twenty-second street, in the city of Logansport, on which were hung certain wires, known as arc wires and primary wires, respectively, that carried dangerous and deadly currents of electricity of 2,300 volts or more, and also a service wire leading from a transformer to the residences of patrons carrying electricity for domestic use, which was designed to carry only 110 volts, an amount that would not kill nor seriously injure a person coming in contact with the wire; that said Green owned and occupied a residence on Smead street, near Twenty-second street, and was a patron of appellant; who furnished him with electric current for lighting his residence at fixed rates; that said low voltage service wire running from the transformer along Twenty-second street was diverted and passed along Smead street to his said residence; that said high voltage wires carrying the dangerous currents of electricity and said low voltage service wire extending to his residence were so negligently maintained by the appellant city, suspended from short cross arms on the same poles, so near each other and so close to and extending through the branches of living trees growing on said streets, that currents of electricity were liable to be and were thereby transmitted through the branches of such trees from the wires carrying high and deadly currents to the one which extended to said residence; that all of said facts were well known to appellant city; that on July 3, 1919, by reason of said negligence of appellant in so main-

ing its electric wires, it negligently permitted the said dangerous and deadly current of electricity to escape from its said high voltage wires into and over said low voltage service wire and into the residence of said Green, where it set fire to the paper lining of a water pipe with which the drop cord and wire screen surrounding an electric light bulb were in contact, and when Green, in ignorance that such deadly current of electricity had been carried into his residence, or that the cord and wire screen were charged with electricity, touched the screen to withdraw it from the burning paper, the deadly current of electricity killed him; and that his death was proximately caused by said negligence of the appellant city.

Appellant moved to make the complaint more specific and reserved an exception to the order overruling its motion. After the return of a verdict in favor of the plaintiff (appellee) for $8,000, appellant filed a motion for a new trial, specifying as errors the giving of certain instructions, the refusal to give certain others, and the admission of certain evidence. This motion was overruled and appellant excepted. Overruling the motions to make the complaint more specific and for a new trial, respectively, are the only alleged errors discussed in appellant's brief.

The motion to make the complaint more specific asked that the plaintiff be required to state from which of the wires carrying a high voltage current the electricity escaped into the service wire, to state the location of the tree through which it escaped, the period of time during which it had been escaping, and just how, in detail, the high and deadly current could be transmitted and how it actually was transmitted, either from the arc wire or the primary wire to the service wire.

Without stopping to consider whether or not there was

merit in any specifications of this motion, it is sufficient to say that appellant was not harmed by the ruling complained of. The undisputed evidence showed that the service wire was hung on the same poles as the arc wires and primary wires for the distance of only one-half square, from the transformer in the middle of the block on Twenty-second street to the corner of Twenty-second and Smead streets, where the service wire turned and ran west along Smead street, while the high voltage wires continued north on Twenty-second street; and that there was only one tree in that half square, which was a water elm tree that stood near the corner of Smead and Twenty-second streets, and in the six years since it was planted (which was after the electric light wires were hung) had grown to seven inches in diameter, and so tall that its branches extended up among the wires and sometimes touched them, and that some of its top branches were found to be slightly burned after the death of plaintiff's decedent. And the defendant produced several witnesses who were employed in its lighting department in Logansport, and professed a knowledge of the trees on Smead and Twenty-second streets, and of the effect of green branches of trees as conductors of electric current. And questions as to which precise wire of several hung on the same line of poles the deadly current escaped from, just how it acted in escaping, and for how long a period it had been escaping before the instant when plaintiff's decedent was killed, must be answered from the consideration of facts which, so far as they were material on the question of appellant's liability, were peculiarly within its own knowledge. Where evidence was introduced reasonably tending to prove that defendant city permitted the branches of a tree to grow up between its wires, hung only two or three feet apart, some of which carried a

deadly current of electricity, and one of which extended into decedent's residence for the purpose of carrying an electric current of low voltage for domestic lighting, and that appellant knew of that condition, and that a branch of the tree touching two or more of those wires conducted the deadly current into the service wire, even momentarily, and thereby caused the death of a patron of the electric light service without his fault, any further explanation of the precise manner in which the deadly current was communicated to the service wire would constitute matter of defense, and should come from the appellant company, by way of rebutting the *prima facie* charge of negligence thus made out.

The death of appellant's decedent occurred on the evening of July 3, 1919. Over an objection and exception by appellant a witness was permitted to 2. testify that on April 10, 1919, the branches of shade trees on Smead street a few yards east of decedent's residence, through which the low voltage service wire extended, were set on fire; that the fire would come down through those trees, and go all through them; and another witness was permitted to testify that at some time in the early spring of that year he saw the wires on limbs of the trees on Smead street, just east of decedent's residence, on fire and blazing up two or three feet, and called the Fifteenth street station of the city fire department, and that upon a telephone order from the officer in charge of the men who came in answer to that call the electric current was shut off; without objection he further testified that said officer called up the electric plant and said to send over a trouble man. A third witness was permitted to testify over like objection and exception that early in March or the first of April that year he saw a fire in the trees on Smead street, east of decedent's residence, near the low voltage

service wire. Plaintiff's contention was that the diversion of the deadly high voltage current which would set fire and cause death, into the low voltage service wire, was momentary when a branch of the elm tree would touch both wires, and that it lasted while the contact continued. Evidence that at other times, months before, the service wire had caused fires lasting a few moments, and that the city fire department and the trouble man from the electric plant were called and the electric current was shut off on that account, was competent as tending to prove that the defendant city knew, or by the exercise of diligence should have known, of the condition in time to have cut down or trimmed the elm tree and prevented its branches touching the wires so as to form a conductor between them. The admission of the evidence complained of was not error.

The appellant asked twenty-three instructions, of which the court gave nineteen, besides fourteen asked by appellee and six given on its own motion. These instructions fairly covered the issues joined on the pleadings. Appellee's brief states that the instructions requested by appellant were not signed by appellant or its attorney, as required by §561 Burns 1914, Acts 1907 p. 652. This statement was not challenged by the reply brief, and nothing in appellant's brief indicates that the statute was complied with. The refusal to give instructions which are not properly signed is not available error. §558, cl. 5, Burns 1914, §533 R. S. 1881; *Pittsburgh, etc., R. Co.* v. *O'Connor* (1908), 171 Ind. 686, 699, 85 N. E. 969; *Habich* v. *University Park Bldg. Co.* (1912), 177 Ind. 193, 199, 97 N. E. 539; *Terry* v. *Davenport* (1908), 170 Ind. 74, 76, 83 N. E. 636; *Hutchinson* v. *Lemcke* (1886), 107 Ind. 121, 133, 8 N. E. 71.

Appellant complains of instruction No. 12, given by

the court at the request of appellee.   That instruction was not accurate, but it does not appear that appellant could have been harmed by it.   There was no presumption of freedom from contributory negligence on the part of appellee's decedent.   Contributory negligence was a fact to be proved, of which the defendant had the burden of proof, with no presumptions in favor of either party.   §362 Burns 1914, Acts 1899 p. 58; *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 525, 79 N. E. 499; *Harmon* v. *Foran* (1911), 48 Ind. App. 262, 269, 94 N. E. 1050; *Cleveland, etc., R. Co.* v. *Champe* (1913), 55 Ind. App. 243, 249, 102 N. E. 868.

But in the case at bar there was no evidence that the decedent knew or had any reason to suspect that the wire he touched was charged with a deadly current of electricity.   There was evidence that a buzzing sound was made and that smoke was coming up from the cellar, and that he knew those facts. There was also evidence that after his death the insulation was found to be partly burned off the wires leading to a drop cord, and that a hole was burned in the outer insulation or cover of a steam pipe where the drop cord hung over the pipe.   But there was no evidence that decedent knew anything about the properties of electricity, or knew that a current of electricity with which the cord was charged was causing the noise or the smoke, or knew that a charge of electricity which would cause a noise and produce smoke when the cord touched the cover of a steam pipe, would be dangerous to a person who touched the cord or the light bulb.   In the absence of any evidence fairly tending to prove contributory negligence the inaccuracy of expression complained of was harmless.   *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 705, 706, 88 N. E. 612.

A general objection is urged against all of the instructions given, on the ground that they contained references to the deadly and dangerous character of the high voltage currents of electricity carried by appellant's wires, needlessly repeated to the extent of being prejudicial. The court gave thirty-nine instructions, of which nineteen were given at the request of the city.

Appellant has not specified which of these contained needless and improper references to the current of electricity being deadly and dangerous. But it appears that in one instruction (No. 12) given at appellant's own request the expression "high and deadly current of electricity" occurs four times, and that it is used again in the very next instruction (No. 13) asked by appellant and given by the court. That being true we decline to search through the other instructions to learn whether instructions not asked by appellant contained more of such expressions that were warranted by good taste. Objections relied on should be specifically pointed out in the briefs.

The judgment is affirmed.