THE ART MOSAIC AND TILE COMPANY *v*. ST. CLAIR ET AL.

[No. 15,602.  Filed March 8, 1938.  Rehearing denied April 19, 1938.  Transfer denied June 7, 1938.]

424

*Slaymaker, Merrell & Locke, W. G. Keane* and *Mountz & Mountz,* for appellant.

*Dan M. Link, W. W. Sharpless, R. R. Ridenour* and *J. D. Brinkerhoff,* for appellees.

BRIDWELL, J.—Appellee, Blossom St. Clair, brought this action against appellant and appellees, The City of Garrett, DeKalb County, Indiana, and Garrett Lodge No. 602, Independent Order of Odd Fellows, to recover damages for personal injuries which she alleges she sustained by reason of negligent conduct on the part of the defendants to her complaint. The issues were closed by each of the defendants to the complaint filing an answer of general denial thereto. The cause was tried to a jury, and at the close of all the evidence, the defendants, each acting separately, moved the court to instruct the jury to return a verdict in its favor. Appellant's motion for a directed verdict was overruled. The other motions for such a verdict were each sustained. The jury was then instructed, and, after deliberation, returned the following verdict:

> "We, the jury in the above entitled cause, find for the plaintiff as against the defendant, The Art Mosaic and Tile Company, and assess her damages at $8,000.00, and we further find for the defendants, City of Garrett and Garrett Lodge No. 602, Independent Order of Odd Fellows."

In due course appellant filed its motion for a new trial, asserting as causes therefor that the verdict of the jury is not sustained by sufficient evidence; that the verdict is contrary to law; that the court erred in giving to the jury each of certain designated instructions and erred in refusing to give to the jury each of certain designated instructions tendered by appellant. This motion was overruled and appellant excepted. Judgment on the ver-

dict, and in accordance therewith, was then rendered and this appeal thereafter perfected. The only error assigned is the overruling of the motion for a new trial.

For reasons hereinafter appearing, we deem it unnecessary to discuss the evidence further than to say that it appears therefrom that appellee, Blossom St. Clair, sustained the injuries of which she complains when she fell on a sidewalk in the city of Garrett, Indiana, which sidewalk extended in front of, and part of which was adjacent to the Odd Fellows building of Garrett Lodge No. 602, wherein certain improvements were being made by appellant as an independent contractor. It is claimed, and there is evidence from which the jury might reasonably have concluded, that appellant placed a board extending from the entrance to the Odd Fellows building in such a position that it protruded out and over the sidewalk a distance of approximately one foot, and negligently failed to take any precaution to protect persons using such sidewalk and to warn persons using the sidewalk of the existence of such obstruction; that the fall resulting in the injury was occasioned by such obstruction.

Appellant asserts that the court erred in giving to the jury certain instructions, including instruction numbered eight of the instructions tendered by the plaintiff, and in refusing to give each of instructions numbered 10, 11, and 15 of the instructions tendered by appellant. Appellee, Blossom St. Clair, insists that no question as to instructions is presented on appeal because of the fact that the instructions tendered by the appellant were not signed by appellant nor by its counsel, and are, therefore, not in the record; that since this is true, none of the instructions given, or refused, by the court can be considered in order to determine whether error in that connection exists. This contention is sustainable only in part. It is true that error

cannot be predicated upon the refusal to give an instruction or instructions, where the party tendering any such refused instruction has failed to sign the same, even though he may have signed the request that such instructions be given. See *Wiley* v. *State* (1929), 200 Ind. 572, 165 N. E. 313; *Burke* v. *Middlesworth* (1931), 92 Ind. App. 394, 174 N. E. 432; *Habich* v. *University Park Building Company* (1912), 177 Ind. 193, 199, 97 N. E. 539; *City of Logansport* v. *Green, Administratrix* (1922), 192 Ind. 253, 135 N. E. 657. We cannot, however, sustain the contention of said appellee that none of the instructions are before us for consideration merely because appellant's tendered instructions are not properly in the record. If such contention was tenable, and it was so held, as a matter of law, then a condition would exist which would permit any litigant disposed to do so to bring about a situation that would preclude this court, or our Supreme Court, from considering any instructions, and from granting relief in any cause on account of erroneous instructions given, even though the other party to the litigation had fully complied with all necessary legal requirements to bring before the court for review such instructions as were actually given to the jury by the court. We have considered all the cases cited by appellee and, after so doing, conclude that the true rule is that this court will review instructions given, and determine as to whether error in this respect was committed when it affirmatively appears that all instructions given by the court are properly brought into the record. In the instant case, the instructions given by the court were brought into the record by a bill of exceptions, which was duly approved, signed, filed, and made a part of the record. It recites and sets forth the instructions given by the court on its own motion and at the request of parties, and after so doing, contains the following statement:

"And the said foregoing instructions given by the court of its own motion and at the request of the plaintiff and at the request of the defendant, The Art Mosaic and Tile Company, were all the instructions given in the cause."

Said bill of exceptions is duly authenticated by the trial judge, and the instructions given by the court are properly before us for consideration.

One of the instructions given by the court, at the request of appellee, Blossom St. Clair, is instruction numbered 8, which is as follows:

> *"The law recognizes the natural instinct of one to avoid exposing himself or herself to danger of injury to his or her person, and in the absence of any evidence to the contrary the presumption arises, that the plaintiff was in the exercise of due care and prudence, and to overcome such presumption requires some proof of want of care.* In the absence of such proof, mere conjecture or inference is not sufficient to warrant you to conclude that plaintiff was not exercising due care when she was injured, but if there appears from the evidence and circumstances in the case facts from which you may fairly infer negligence, such presumption is removed and overcome by the evidence." (Our italics.)

In this jurisdiction there is no presumption of freedom from contributory negligence on the part of one who seeks damages for personal injuries because of alleged negligent conduct on the part of another. In such cases negligence of either party is a fact to be proved. Although we have a statute in this state (§2-1025 Burns' Ind. Stat. Anno. 1933, §129 Baldwin's 1934; Acts 1899, ch. 41, p. 58) which provides that contributory negligence shall be a matter of defense, provable under a general denial, this statute does not create any presumption in favor of one who has been injured by the negligence of another. Where, as here, under the issues joined, each party charges the other with negligence, the question as to whether such claimed

negligence of either existed was a matter for the jury to determine from all the evidence bearing upon the question, unaided by any presumption of law in favor of or against either party. The law of this state does not cast upon a defendant the additional burden of producing evidence to overcome a presumption that a plaintiff was at the time of the injury complained of free from contributory negligence. See *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 79 N. E. 499; *Pennsylvania Company* v. *Clark, Administrator* (1922), 191 Ind. 470, 133 N. E. 588; *City of Logansport* v. *Green, Administrator, supra; Harmon* v. *Foran* (1911), 48 Ind. App. 262, 95 N. E. 597.

We are of the opinion that the giving of instruction numbered 8 constitutes reversible error. One of the principal facts in controversy was as to whether the appellee, Blossom St. Clair, at the time she fell and was injured, was exercising ordinary care for her own safety. From evidence produced, the jury could reasonably have found either way on this question. When we consider all the evidence bearing upon this particular matter, we do not find it of such probative force as would justify an affirmance of the judgment herein, despite the erroneous instruction. We cannot say that the jury was not influenced by the instruction in reaching its verdict, nor that appellant was not harmed thereby.

In view of the conclusion reached it is not necessary that we discuss other claimed errors, as they will probably not occur upon another trial, if they, in fact, exist. Such claimed errors relate to the giving of other instructions applicable to the issues tried, and the subject-matter of each challenged instruction has often been discussed by both this and our Supreme Court.

No cross-errors have been assigned by appellee, Blossom St. Clair, and she has in no way challenged the

action of the trial court in directing a verdict in favor of the other two appellees. The judgment is affirmed as to appellees The City of Garrett, DeKalb County, Indiana, and Garrett Lodge No. 602, Independent Order of Odd Fellows. The judgment against appellant, The Art Mosaic and Tile Company, is reversed, with instructions to sustain appellant's motion for a new trial, and that further proceedings be consistent with this opinion.

Wood, J., not participating.