HAGERMAN CONSTRUCTION CORPORATION *v*. WEBER.

[No. 31,079. Filed December 22, 1966. Rehearing denied
April 10, 1967.]

*Parry and Krueckeberg, Arthur W. Parry* and *John H. Krueckeberg,* all of Fort Wayne, and *Arch N. Bobbitt,* of Indianapolis, all for appellant.

*Rothberg, Gallmeyer, Strutz, Freuchtenicht & Logan, Thomas D. Logan* and *Thomas A. Gallmeyer,* all of Fort Wayne, for appellee.

JACKSON, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, § 1, p. 800, being § 4-215, Burns' 1946 Replacement. See: *Hagerman Construction Corporation* v. *William F. Weber, Jr.* (1964), 202 N. E. 2d 758 for opinion of the Appellate Court.

Appellee instituted this action in the trial court for injuries sustained in a fall from the roof of a building under construction. Appellee's fourth amended complaint contained the following allegations:

"Comes now the plaintiff, William F. Weber, Jr., and for cause of action against the defendant herein alleges and says:

"1. That at all times herein, the plaintiff was engaged in the business of commercial photography, d/b/a AA Photographers.

"2. That sometime prior to July 15, 1957, the exact date being unknown to the plaintiff, Hagerman Construction, Inc. did enter into a contract to erect a structure on the following described real estate:

(DESCRIPTION OF REAL ESTATE OMITTED)

"That pursuant to said contract, Hagerman Construction, Inc. took possession of the above referred to real estate for the purpose of erecting a certain structure thereon; that the defendant, Hagerman Construction, Inc., was and is, at all times herein, an Indiana corporation, with its main office and place of business in Fort Wayne, Indiana, engaged in the building and construction business and was in possession and control of the premises above referred to, at all times herein mentioned.

"3. That on or about July 15, 1957, plaintiff and defendant, Hagerman Construction, Inc., entered into an oral agreement whereby the plaintiff was to take periodic progress pictures of a certain structure being erected by the Defendant, Hagerman Construction, Inc., on the premises above referred to. That on November 15, 1957, with the consent of and knowledge of the defendant, Hagerman Construction, Inc. plaintiff entered onto the premises above referred to and entered the confines of the structure with which he was unfamiliar, and proceeded to the roof of said structure. On emerging upon the roof, plaintiff proceeded to photograph the roofing construction; that while on the southeast corner of said structure, the plaintiff positioned himself to take a picture and fell through an unguarded opening in the roof, whereupon this plaintiff was, without warning, suddenly dropped to the floor, approximately forty (40) feet below, which he struck with great force and violence and as a direct and proximate result of which he suffered severe physical injuries, which are more particularly hereinafter described.

"4. Plaintiff further alleges that his injuries, suffered as aforesaid, were caused solely and wholly by reason of the negligence of the defendant as follows:

"(a) That the defendant failed to use proper care to keep said roof in a reasonably safe condition for the use of this plaintiff in that the defendant failed to cover said opening when it knew or should have known of the plaintiff's presence on the roof to take photographs.

"(b) That defendant failed to inform, warn or signal the plaintiff of said opening in the roof when it knew or should have known of the plaintiff's presence and the probability of such plaintiff's fall, due to said opening.

"(c) That defendant failed to take reasonable measures to prevent plaintiff's fall in that defendant failed to place guards around said opening when it knew or should have known of the plaintiff's presence and the probability of said plaintiff's fall, due to said opening.

"(d) That defendant failed to use proper care in keeping said roof in a reasonably safe condition in that it failed to keep said opening enclosed and protected, as required by the Statutes of the State of Indiana, to-wit: Burns 20-304, when it knew or should have known of the probability of plaintiff's presence, and probability of plaintiff's fall due to said opening.

"5. As a direct, proximate result of being dropped approximately forty (40) feet to the floor below, and striking said floor with great force and violence, at the time, place and manner hereinabove alleged, this plaintiff suffered an extenive [sic] fracture, involving the darietal and frontal bones bilaterally of the skull, assymetry of the left orbit with fracture of the left sygoma and intraorbital bridge, opacity of the left artrum due to hemorrhaging, hemorrhagic area of the face causing the left eye to be completely closed and the right eye partially closed, abrasions on the left side of the face, and forehead, lacerations on the lower part of the left side of the face, abrasions of the left leg, numbness and paresthesias of lift [sic] side of nose, lip and cheeks, semi-consciousness, shock and disorientedness, as a result of all of which he suffered grave and excrusiating pain, was rendered sick and required hospitalization and the attention of physicians, surgeons, nurses and hospital attendants; that as a result of said injuries, plaintiff was caused to be removed to the Lutheran Hospital, in the City of Fort Wayne, Indiana, where he was confined from November 15, 1957, to January 13, 1958. Upon his release

therefrom he was confined to his bed at home until the first of March, 1958; that because of said injuries, this plaintiff has suffered a retro-grade amnesia, resulting in a failure to recollect anything that happened in 1957 from the Easter period until after the above described fall, and an inability to do his work, and further, failure to recognize work he had done.

"6. That as a further result of said injuries, this plaintiff has suffered and will continue to permanently suffer great bodily pain, physical and psychiatric discomfort, and mental anguish; that as a further result of said injuries he has incurred expenses for hospitalization, nursing, X-rays, drugs, medicines, the reasonable value of which are in the amount of Four Hundred Eight-eight and 55/100 ($488.55) Dollars, and expenses for the services of physicians and surgeons, the reasonable value of which are in the amount of Three Hundred ($300.00) Dollars; and will incur additional expenses for the services of physicians, surgeons and nurses, and for medicines, drugs and X-rays in the future.

"7. Prior to suffering said injuries on November 15, 1957, plaintiff was thirty-three (33) years of age and in full enjoyment of health and physical vigor; that he was engaged in his own business of commercial photography, earning three hundred ($300.00) dollars per week; that because of the injuries suffered as aforesaid, he has been rendered completely disabled and will be permanently disabled and incapable of pursuing his trade and incapable of pursuing his own business as a photographer, all because of the negligence of the defendant as herein alleged, and as a direct and proximate result of all of which this plaintiff has been damaged in the sum of One Hundred Sixty-eight Thousand ($168,000.00) Dollars.

"WHEREFORE, plaintiff sues and prays judgment against the defendant herein in the sum of One Hundred Sixty-eight Thousand ($168,000.00) Dollars; that the trial of said matter be had by jury; and for any and all other proper relief in the premises."

To Appellee's fourth amended complaint appellant filed its separate answer in three paragraphs, as follows:

"Comes now the defendant, Hagerman Construction Corporation, erroneously sued herein under the name of Hagerman Construction, Inc., and for answer to the plaintiff's Fourth Amended complaint alleges and says:

"1. That this defendant admits the allegations of rhetorical paragraph 1.

"2. That this defendant admits the allegations set forth in rhetorical paragraph 2.

"3. With relation to the allegations set forth in rhetorical paragraph 3, this defendant admits that in the summer of 1957, this defendant entered into an oral contract with the plaintiff, who was then engaged in the business of commercial photography, by the terms of which the plaintiff agreed, for a stipulated consideration, to take pictures of the building, which the defendant was about to construct on said premises, from time to time and at such times as the plaintiff might elect for the purpose of showing to the defendant the condition of the unfinished building and the progress that was being made in its construction, and that under the terms of said agreement the plaintiff was authorized to and did enter upon said premises and go into and upon the roof of said building on the day of the accident referred to in the complaint and proceeded to photograph the roofing construction, but this defendant denies that on said day the plaintiff was unfamiliar with the building under construction or the fact that it was still in process of construction and unfinished and that workmen were still at work in and upon said building. Defendant admits that on said day the plaintiff fell through an opening in the partially constructed roof of said building and suffered physical injury as a result of said fall, but defendant is without information as to how the plaintiff got on to the roof of said building what he did while there or how he happened to fall from said roof or as to the other allegations set forth in said rhetorical paragraph 3.

"4. This defendant denies each and every material allegation set forth and contained in rhetorical paragraph 4 and in each of the subparagraphs (a), (b), (c) and (d) thereof.

"5. Defendant is without information as to the allegations set forth in rhetorical paragraph 5.

"6. Defendant is without information as to the allegations set forth in rhetorical paragraph 6.

"7. Defendant admits that at the time of said accident referred to in plaintiff's Fourth Amended complaint the plaintiff was engaged in his own business of commercial photography as alleged in rhetorical paragraph 7, but defendant denies each and every other material allegation set forth and contained in said rhetorical paragraph 7.

"8. This defendant denies each and every material allegation set forth in plaintiff's Fourth Amended complaint which has not been specifically answered above, and expressly denies that the accident of the plaintiff referred to in said Fourth Amended complaint, and any injuries suffered by him as a result thereof, was due to any fault or negligence on the part of this defendant.

"WHEREFORE, defendant demands judgment in its favor and for its costs herein laid out and expended.

## II

"For a second and further paragraph of answer to plaintiff's Fourth Amended complaint, Hagerman Construction Corporation, defendant herein, alleges and says that the accident to the plaintiff, namely, his fall from the roof of the building being constructed by this defendant on the 15th day of November, 1957, and any and all injuries suffered by him by reason thereof, were proximately and directly due to carelessness and negligence on the part of the plaintiff himself in this, to-wit: That at and immediately prior to the happening of the accident referred to in the complaint, the plaintiff was fully aware that said building under construction had not been completed and was in an unfinished condition, that work was being performed on and around the roof of said building, that stairways had not yet been constructed and that materials, tools, and supplies were being raised from the lower floor to the roof of said building, and that because of such unfinished condition of the building and the work then in progress it would be necessary for him, in moving about the roof to take pictures of said construction work, to exercise a high degree of care for his own safety so that he would not fall or otherwise suffer injury to himself; that on the morning of the day of said accident the workmen on said building were using a hatch or opening in the roof of said building for the purpose of raising and lowering materials, tools, and supplies from the lower part of said building for use on said roof, which opening was of a substantial size, to-wit: approximately 2 ½ feet by 3 feet in dimension, and in no way concealed but fully visible and open to the view of anyone on the roof of said building for a distance of 20 feet or more away; that there were no obstacles that would prevent anyone on the roof from observing the location of said open hatch, and prior to the happening of said accident the plaintiff had in fact observed the existence of said opening and knew of its position on the roof, or in the exercise of reasonable

care and prudence for his own safety could and should have observed the existence of said opening in said roof, and avoided stepping into or falling down said hatch, but nevertheless the plaintiff, in moving about to select positions from which to photograph, so carelessly moved about in proximity to said opening as to lose his balance and fall through said opening, and that the accident and fall of the plaintiff as alleged in said Fourth Amended complaint and any injuries complained of therein were proximately and directly the result of such carelessness and negligence on the part of the plaintiff and not otherwise.

"WHEREFORE, defendant prays for judgment in its favor and for its costs herein laid out and expended.

### III

"For a third and further paragraph of answer to plaintiff's Fourth Amended Complaint, the defendant alleges and says:

"That plaintiff, a commercial photographer experienced in taking progress photographs of buildings under construction, entered into a contract with the defendant to take photographs from time to time as the work progressed of the building referred to in the complaint and to deliver to the defendant the original and two copies of each photograph taken at a stipulated price per set of photographs, the time of taking, what to take and how to take them being left to the judgment of the plaintiff, and the defendant did not reserve or exercise, or attempt to exercise any control over the plaintiff's work.

"That the work of selecting places at which to place his camera and the taking of said photographs of the work of construction as it progressed involved the risks inherent in moving about in, on and about the unfinished building during the course of construction while workmen, materials and machinery were engaged in the work of construction, and required of plaintiff a high degree of care to provide for his own safety.

"That on the day of the accident complained of, the roof on a part of said building had been partly completed and workmen were engaged in laying a floor of slag on the roof as well as preparing to build a concrete curb around the base of a stack which rose above the roof. No steps from the lower floor to the roof of the one-story building had been constructed and for the purpose of raising and lower-

ing materials, forms and supplies from the boiler room on the first floor to the roof a plywood covering had been removed from a hatch or opening in the roof, and said open hatch, about 2½ to 3 feet in diameter was not in anywise concealed or its view obstructed, but the same was open to the view of anyone on the roof for a distance of 20 feet or more from it.

"That the plaintiff, prior to his fall, had mounted to the roof of said building to take progress pictures of the roofing operation then in progress, and saw and observed said hatch or opening and knew of its existence and location, or in the exercise of reasonable care and caution should have known of its existence and location and the danger of backing or stepping into it, but in the process of moving his camera to a favorable position from which to take photographs of different parts of the work on said roof, the plaintiff backed or stepped into said hatch and fell as alleged in the complaint.

"Defendant further says that the risk of backing or stepping into said open hatch was a risk of injury to himself which was assumed or incurred by the plaintiff in connection with the performance of his contract to take photographs of the work in progress, for which he has no legal right to recover against this defendant.

"WHEREFORE, defendant prays for judgment in its favor and for its costs herein laid out and expended."

Plaintiff-appellee filed his reply to appellant's answer to Fourth Amended complaint, reading as follows:

"Comes now the plaintiff, William F. Weber, Jr., and for reply to the second paragraph of answer to plaintiff's fourth amended complaint, alleges and says:

"1. That this plaintiff denies the material allegations of said second paragraph of answer.

"WHEREFORE, plaintiff prays for judgment in his behalf and for all other relief prayed for in his fourth amended complaint.

II

"In reply to the third paragraph of answer to plaintiff's fourth amended complaint, the plaintiff alleges and says:

"1. That this plaintiff denies the material allegations of said third paragraph of answer to plaintiff's fourth amended complaint.

"WHEREFORE, plaintiff prays for judgment in his behalf and for all other relief prayed for in his fourth amended complaint.

III

"For a further reply to the allegations contained in defendant's second and third paragraphs of answer to plaintiff's fourth amended complaint, plaintiff says that he was not guilty of contributory negligence and re-affirms the allegations contained in his fourth amended complaint.

"WHEREFORE, plaintiff prays for judgment against the defendant herein in the sum of One Hundred Sixty-eight Thousand Dollars ($168,000.00) and for any and all other proper relief in the premises."

On the state of the record as above delineated this matter was submitted to trial by jury in the Circuit Court of Huntington County. The jury returned a verdict in favor of appellee in the sum of Eighty-five Thousand Dollars ($85,000.00); thereafter, appellant filed its motion for a new trial, the court overruled appellant's motion denying specifications 2, 3, 4a, 4b, 4c and 5, but "sustains specification No. 1 of defendant's motion for a new trial, that damages assessed by the jury are excessive in the sum of $35,000.00 and the Court states that he will give and grant to the defendant a new trial in this cause unless the plaintiff files a remittitur herein in the amount of $35,000.00 on the verdict rendered by the jury in this cause within 15 days from this date."

Thereafter, on March 2, 1962, appellee filed a remittitur in the sum of $35,000.00 and thereupon the court entered its order overruling appellant's motion for new trial, modifying and reducing the verdict theretofore rendered by the jury to the sum of $50,000.00 and costs and entered appropriate judgment in favor of appellee against the appellant.

Appellant's motion for new trial contained five grounds as follows:

"Comes now the defendant in the above entitled cause, Hagerman Construction Corporation, and moves the Court for a new trial herein on each of the following grounds:

"1.   The damages assessed are excessive;

"2.   The verdict of the jury is not sustained by sufficient evidence.

"3.   The verdict of the jury is contrary to law;

"4.   Error of law occurring at the trial as follows:

"A.   The Court erred in giving to the jury on the Court's own motion each of its Instructions Numbered 2, 11, and 13, and to the giving of each of which instructions the defendant duly objected within the proper time by stating its specific objections to each out of the presence of the jury and before argument.

"B.   The Court erred in giving to the jury, at the request of the plaintiff, each of plaintiff's Instructions Numbered 3, 6, 7, 8, 10, 12, 14 and 20, and to the giving of each of which instructions the defendant duly objected within the proper time by stating its specific objections to each out of the presence of the jury and before argument.

"C.   The Court erred in refusing to give to the jury at the request of the defendant each of the written instructions tendered by the defendant and Numbered 10, 15, 18, 23 and 24.

"5.   The Court erred in overruling defendant's motion, made at the close of all the evidence, to instruct the jury to return a verdict for the defendant."

Appellant's Assignment of Errors was the single specification:

"1.   The Court erred in overruling appellant's motion for a new trial."

Plaintiff's instruction No. 3, to which objection was duly made, reads as follows:

"The law recognizes the natural instincts of a man to avoid exposing himself to danger of injury to his person, and in the absence of any evidence to the contrary the presumption arises that the plaintiff was in the exercise of care and prudence, and to overcome such presumption requires some affirmative proof of want of care.  In the absence of any such proof, mere conjecture or inference is not sufficient to warrant you in concluding that he was not in the exercise of due care when he was injured.

"But if there appears from the evidence and circumstances of the case facts from which you may fairly infer

negligence, such presumption is removed and overcome by the evidence."

This precise instruction has previously been held by the Appellate Court to be erroneous in the case of *Art Mosaic & Tile Co.* v. *St. Clair* (1938), 105 Ind. App. 423, 13 N. E. 2d 317. The Appellate Court recognized that this precise instruction had been held erroneous in its opinion when on page 760 of 202 N. E. 2d the court said:

"Appellant is quite correct in its contention that this instruction is the same as an instruction previously held by this court to be erroneous in the case of *Art Mosiac & Tile Co.* v. *St. Clair* (1938), 105 Ind. App. 423, 13 N. E. 2d 315."

The Appellate Court felt that the objection made by the appellant at the time the instruction was tendered was not the same objection raised before this court and was not presented to the trial court.

Appellant's objection to the giving of instruction No. 3 reads as follows:

. "The defendant objects and excepts to Instruction No. 3, tendered by the plaintiff, for the reason that it is not applicable to the facts set forth in the evidence, and it improperly assumes a lack of care on the part of the defendant, and is confusing in that it instructs that an inference is not sufficient to warrant a conclusion that the plaintiff was not in the exercise of due care."

The objection can be divided into three parts:

1. The instruction is not applicable to the facts set forth in the evidence.

2. The instruction improperly assumes a lack of care on the part of the defendant.

3. The instruction is confusing in that it instructs that an inference is not sufficient to warrant a conclusion that the plaintiff was not in the exercise of due care.

Appellant in his reply brief in the Appellate Court at page 12 has specifically waived the second and third grounds ▮ stated in the objection below, leaving for our consideration here only the first ground above stated.

. We are of the opinion that the giving of plaintiff's Instruction No. 3, over the objection of appellant, constituted reversible error. In view of the determination we must reach in this cause we have not and need not determine other questions presented in this appeal as they probably will not again arise on a new trial.

The judgment is reversed and cause remanded with instructions to grant appellant's motion for a new trial.

Rakestraw, J., concurs.

Myers, J., dissents without opinion.

Arterburn, C. J., not participating.

NOTE.—Reported in 221 N. E. 2d 901.