## Chicago, Indianapolis & Louisville Railway Company *v.* Wicker, Administratrix.

### [No. 4,752. Filed December 7, 1904.]

1. **Trial.**—*Instructions.*—*Evidence.*—An instruction, in an action by an administratrix against the defendant for damages for the death of her decedent, stating that the jury "may consider what facts have been proved, and to that end may consider what facts the parties have attempted to prove," and that if, "taking the evidence as a whole, you find that the plaintiff has sustained the material allegations of her complaint, * * * you should find for the plaintiff," is erroneous, since the jury must confine its deliberations to the evidence in the case, and since the defendant had the burden of proving contributory negligence, and while the plaintiff may have proved her complaint, the defendant may have proved such affirmative defense of contributory negligence, thus defeating such cause of action. p. 215.

From Greene Circuit Court; *O. B. Harris,* Judge.

Action by Mary E. Wicker, as administratrix of the estate of Elmer J. Wicker, deceased, against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. C. Field, H. R. Kurrie* and *W. V. Moffitt,* for appellant.

*S. B. Lowe, T. J. Brooks* and *W. F. Brooks,* for appellee.

Roby, J.—Action to recover damages on account of the death of Elmer Wicker, alleged to have been the result of negligence on the part of the appellant. Trial by jury, verdict for $3,500, with answers to interrogatories, and judgment upon the verdict.

1. Appellant's motion for a new trial was overruled, and such action is made the basis of an assignment of error. One ground for a new trial stated in the motion was the giving of instruction number two requested by appellee. This instruction, as given, was in terms as follows: "The burden rests upon the plaintiff to prove the material facts

averred in the complaint. You may consider what facts have been proved, and, to this end, you may consider what facts the parties have attempted to prove. Where the plaintiff has offered evidence to prove a point, and the defendant has offered evidence to disprove it, you will then weigh all the evidence on such point, and determine the point in favor of the party whose evidence you find has the greatest weight as affecting such point; and if, upon weighing the whole evidence, you find that the plaintiff has not made her case out by a fair preponderance of the evidence, your verdict should be for the defendant, but if, taking the evidence as a whole, you find that the plaintiff has sustained the material allegations of her complaint by a fair preponderance of the evidence, then you should find for the plaintiff, and assess such damages as will adequately and reasonably compensate decedent's next of kin for the loss sustained by his death." By it the jury were told that, to determine what facts had been proved, they might consider what facts the parties had attempted to prove. The instruction was radically wrong. Juries are apt enough to consider matters outside of the evidence without being directed to do so by the court. At the time the cause was tried the burden of proving contributory negligence was upon the defendant. It follows that the instruction was wrong, in that it directed the jury to find for the plaintiff if the material allegations of her complaint had been sustained; ignoring the question of contributory negligence, proof of which, having been made by the defendant, might have been sufficient to defeat the action, although the allegations of the complaint had been proved. The instruction is otherwise defective, and, after very mature consideration, we are of the opinion that the error in giving it is one which ought not to be condoned.

Judgment is reversed, and the cause remanded, with instructions to sustain appellant's motion for a new trial, and for further consistent proceedings.