TREES, ADMINISTRATRIX, ET AL. *v.* MILLIKAN.

[No. 6,325.    Filed June 23, 1908.    Rehearing denied February 2, 1909.]

1. PLEADING.— *Complaint.— Decedents' Estates.— Guardian and Ward.—Contracts for Sale of Ward's Real Estate.—*A complaint alleging that the plaintiff contracted in writing with defendant guardian for the sale of the real estate belonging to his insane ward, that plaintiff procured a purchaser to whom a sale thereof was made, that such guardian resigned thereafter without paying for such service, and his codefendant guardian was appointed, that such ward thereafter died and defendant administratrix was

Trees v. Millikan—43 Ind. App. 256.

appointed to settle the estate, and that said administratrix refused to pay such claim, states a cause of action only against the estate of such decedent. p. 259.

2. DECEDENTS' ESTATES.— Claims.— Defenses.—Pleading.—General Denial.—Evidence Admissible.—All defenses to claims against decedents' estates, except set-off and counterclaim, are admissible in evidence under the general denial (§2842 Burns 1908, Acts 1883, p. 151, §11). p. 259.

3. TRIAL.—Issues.—Limiting by Remarks of Counsel.—A remark by defendant's counsel, on the cross-examination of plaintiff's witness, in an action by an agent against a decedent's estate, for services rendered in the sale of decedent's real estate, that "the only theory of defense we have" is that such agent was representing somebody else, does not limit the defenses to such question. p. 259.

4. PRINCIPAL AND AGENT.—Collusion of Agent.—Compensation.— Guardian and Ward.—A real estate agent who contracted with a guardian to sell his ward's real estate, who procured a bidder and tried to dissuade others from bidding thereon, has no right to compensation. p. 261.

5. TRIAL.—Instructions.—Mandatory.—Principal and Agent.—Collusion.—Instructions that if the jury find from a preponderance of the evidence that the plaintiff contracted in writing for the procurement of a purchaser for his principal's real estate, that he procured such purchaser and that he has not received pay therefor, being mandatory, are erroneous, where the defense was that plaintiff was in collusion with such purchaser and dissuaded others from bidding on such land. p. 261.

From Hancock Circuit Court; Edward W. Felt, Judge.

Action by Frank M. Millikan against Lottie M. Trees, as administratrix of the estate of Cyrus E. Trees, deceased, and others. From a judgment for plaintiff, defendants appeal. Reversed.

Edenharter & Mull, E. J. Binford, J. P. Walker and Louis B. Ewbank, for appellants.

Barrett & Barrett and Elliott & Elliott, for appellee.

RABB, C. J.—Cyrus Trees was a person of unsound mind, appellant Blessing being his duly appointed and qualified guardian. Trees was the owner of certain lands in Delaware county, which the court, having jurisdiction of the guardianship, had ordered the guardian to sell. Blessing,

as guardian, employed the appellee, who was a real estate agent, to sell the land, contracting in writing to pay him a commission of two per cent upon the approval of the sale by the court. Millikan procured one Templeton to make an offer for the land, which offer was accepted by the guardian, and the sale reported to the court. Objections were made, by persons interested in the ward, to the confirmation of the sale, and the court refused to confirm it. Thereupon, in the presence of Templeton, who had made the bid on the land, and of the party who had objected to the confirmation of the sale, the judge of the court personally offered the land at public auction, and Templeton and the party objecting to the confirmation of the sale made to him proceeded to bid for the same, and the price of the land was run up to $2,800 over and above the sum it had been sold for by the guardian to Templeton. Templeton being the highest bidder, the land was sold to him, and the sale approved by the court. After the sale of the land Blessing resigned his trust without paying Millikan any commission for his services in the matter of the sale. Appellant Mull was appointed as Blessing's successor in the guardianship. After Mull's appointment the ward, Trees, died, and appellant Lottie M. Trees was duly appointed administratrix of his estate. This action was brought by Millikan, as a claim against the estate of Trees, for his commission in effecting the sale of the land to Templeton. Blessing and Mull, who are described as guardians of Cyrus Trees, were each made parties defendant.

The complaint is in two paragraphs, the facts stated in each being precisely the same, the only difference being in the relief prayed for.

In the first paragraph judgment is demanded against the defendants, but payable out of the assets of the estate of Cyrus Trees, deceased, in the hands of his alleged guardian or administrator. In the second, judgment is demanded generally against the defendants. Appellant Blessing an-

swered in two paragraphs, the first being the general denial, and to the second a demurrer was sustained. No other answer was filed in the cause. The cause was submitted to a jury for trial, a general verdict returned in favor of the appellee, and upon this verdict the court rendered judgment as follows: "It is considered and adjudged by the court that the plaintiff recover of and from all the defendants herein the sum of $368.50, as damages herein assessed by the jury, together with the costs of this proceeding, taxed at $———. It is further ordered and adjudged that Lottie M. Trees, the administratrix of the estate of Cyrus Trees, deceased, pay the judgment herein rendered out of the funds of said estate."

It is quite clear that the only cause of action presented in either paragraph of the complaint is against the estate of Cyrus Trees. No facts are averred in either paragraph showing a personal liability against either Blessing or Mull, and the facts stated show that the guardianship had terminated by the death of the ward, and it is not pretended that the guardian was proceeding to settle the estate of his ward under the provisions of the statute authorizing such settlement, but, on the contrary, it is shown that an administratrix had been duly appointed by the proper court for that purpose, and such administratrix is made a party to the action. The facts stated simply made out a claim against the estate of the deceased, Trees, and against this claim all defenses except set-off or counterclaim were admissible without plea (§2842 Burns 1908, Acts 1883, p. 151, §11); so that the issues in the case were open to every legitimate defense that could be made against the claim.

It is contended by appellee that these issues have been limited by a statement of appellants' counsel made during the trial of the cause. On cross-examination the following question was propounded by appellants' counsel to appellee's witness Templeton: "Do you

know, Mr. Templeton, whether there had been a sale of this real estate before that time, subject to the approval of the court?'' Appellee's objection made to this question was sustained, and after the ruling had been made the court remarked that ''it could make no difference if Mr. Millikan obtained the man, was actually employed and the man whom he introduced, started the sale, finally made the sale, if he finally bought it he would be the purchaser under the contract,'' to which appellant's counsel rejoined: ''It would not be admissible under any theory, except that Mr. Millikan was representing somebody besides the estate; that he was not actually representing the estate, but was representing somebody else. That is the only theory of defense we have.'' It is claimed that this remark of counsel had the effect of limiting the issues in the case to the question of whether the appellee represented the purchaser, and not the seller, in the transaction. Appellants' counsel, when this remark was made, had not been called upon by the court or by the circumstances of the case to state the theory of the appellants' defense, and such statement made under such circumstances in nowise limited the issues or excluded consideration of any legitimate defense the evidence in the case made to appellee's claim. It was the contention of appellants that in the matter of the sale of the land in question the appellee was not working in the interest of the deceased to get the best price possible for his land, but rather in the interest of the purchaser, and that instead of endeavoring to obtain the highest possible price for the land he endeavored to dissuade purchasers from bidding for the land as against Templeton.

The evidence discloses that appellant Blessing, as guardian of Trees, was ordered by the court to sell his ward's land at a private sale; that he employed appellee to sell it; that appellee procured Templeton to make an offer for the land, which was accepted by the guardian, and the sale to

Templeton reported to the court; that upon objections to the confirmation of said sale the court refused to confirm it, and thereupon the judge personally sold the land at public auction in the courtroom immediately after refusing to confirm the sale made by the guardian to Templeton, and that at this sale so made by the judge, Templeton and one Green, a son-in-law of the deceased, were competing bidders. Templeton being the highest bidder, the land was sold to him.

It was claimed by the appellants that, while this auction was in progress, the appellee endeavored to induce Green not to bid on the land; that he offered him a large sum of money to refrain from bidding against Templeton. Conduct of this character upon the part of one assuming to act as the agent of his principal would clearly forfeit all claim to compensation, and would be a complete defense to the claim sued upon. If the jury believed this testimony of appellants' witness, it would have been its duty to return a verdict in favor of the estate and against the appellee.

The court instructed in part as follows: "(5) Upon the issues formed the burden is upon the plaintiff to prove the material averments of the complaint by a fair preponderance of all the evidence in the cause. That is to say, in order to recover, the plaintiff must prove by fair preponderance of all the evidence: (a) That he was employed, in writing, to procure a purchaser for the real estate; (b) that he did secure Leroy Templeton, who purchased said land; (c) that he has not received any pay for his services so rendered. (6) If the plaintiff has proved said material averments by a fair preponderance of the evidence you should find for the plaintiff. * * * (7) If the plaintiff, under his employment to secure a purchaser for the land in question, called the attention of the purchaser to the property, and showed him the same, and he did thereafter in fact purchase the land, then you will find

for the plaintiff in the sum due under the contract and remaining unpaid.''

Exceptions were properly reserved to the giving of these instructions, and the giving of the instructions made one of the grounds of appellants' motion for a new trial, and properly urged as error here.

These instructions are mandatory. They require a verdict in favor of the appellee at the hands of the jury, without considering what the jury might find regarding the conduct of the appellee in and about the sale hereinbefore referred to. Even though the jury should find that appellee had offered money to bidders for the land to induce them to refrain from bidding upon the same against Templeton, and though it should find that the appellee, without the knowledge or consent of the guardian, was representing the purchaser in said sale, and working to secure the land for him at the lowest possible price, still its verdict must be for the appellee if they found that appellee ''was employed, in writing, to procure a purchaser for the real estate, that he did secure Leroy Templeton to purchase the land, and that he has not received any pay for his services so rendered,'' or, ''if the plaintiff, under his employment to secure a purchaser for the land in question, called the attention of the purchaser to the property, showed him the same, and he did thereafter in fact purchase the same.'' The giving of these instructions was clearly reversible error. *Hunter* v. *State* (1885), 101 Ind. 241; *Hutchinson* v. *Wenzel* (1900), 155 Ind. 49; *Kentucky, etc., Bridge Co.* v. *Eastman* (1893), 7 Ind. App. 514; *Jackson School Tp.* v. *Shera* (1893), 8 Ind. App. 330; *Voris* v. *Sholts* (1898), 20 Ind. App. 220; *Maxon* v. *Clark* (1900), 24 Ind. App. 620; *Dudley* v. *State, ex rel.* (1907), 40 Ind. App. 74.

The judgment is reversed, with instructions to the court below to grant a new trial.

Roby, J., absent.