### BURKE v. MIDDLESWORTH.

[No. 13,920. Filed January 29, 1931. Rehearing denied April 30, 1931.]

*Willson & Willson* and *S. C. Kivett,* for appellant.

*White & Jones, John E. Sedwick* and *Thomas C. Whallon,* for appellee.

BRIDWELL, J.—The appellee brought her action against the appellant to recover damages. The case was tried upon the issues joined on an amended second paragraph of complaint, alleging assault and battery, and the third paragraph of complaint alleging seduction. The defendant's answer is in two paragraphs, the first a general denial, the other a plea of settlement. A reply

in general denial was filed to the second paragraph of defendant's answer. Upon the issues thus joined, the case was submitted to a jury for trial, resulting in a verdict for the appellee in the sum of $8,000. Appellant filed his motion for a new trial, and, pending the court's ruling on this motion, appellee filed a *remittitur* in the sum of $4,000. This *remittitur* was accepted by the court and motion for a new trial overruled, to which ruling the appellant excepted. Judgment was rendered in favor of appellee in the sum of $4,000 and this appeal perfected.

The error relied upon for reversal is the overruling of appellant's motion for a new trial, assigning 26 separate and several reasons why same should be granted. Of the reasons assigned, appellant properly presents the following: Overruling of defendant's (appellant's) motion filed at the close of all the evidence to instruct the jury to return a verdict for the defendant on the third paragraph of the complaint; error in giving each of the instructions Nos. 13, 14 and 15; error in refusing to give each of instructions Nos. 4 and 5 tendered by the defendant; that the verdict of the jury is not sustained by sufficient evidence and that the verdict of the jury is contrary to law.

In determining as to whether the court below properly overruled the defendant's (appellant's) motion to instruct the jury to return a verdict for the defendant on the third paragraph of the complaint, it is necessary to consider the evidence. There is evidence of defendant's having sought the society of plaintiff frequently; of his protestations of love for her; of his kindness and courtesy; of his discussing with her his business and personal affairs; of his statement to her that he desired to get a divorce and marry her, and of a course of conduct calculated to win plaintiff's confidence and affection and to bring about the seduction claimed.

At the time of yielding by the plaintiff, she knew that defendant was a married man, but this knowledge on her part was not of itself sufficient to preclude recovery. A promise of marriage is not a necessary element in seduction, though often one of the means used to accomplish the purpose. *Ireland* v. *Emmerson* (1884), 93 Ind. 1, 47 Am. Rep. 364; *Gemmill* v. *Brown* (1900), 25 Ind. App. 6, 56 N. E. 691; *Marshall* v. *Taylor* (1893), 98 Cal. 55, 32 Pac. 867, 35 Am. St. 144; *Gunder* v. *Tibbits, Admr.* (1899), 153 Ind. 591, 55 N. E. 762; *Bradshaw* v. *Jones* (1899), 103 Tenn. 331, 52 S. W. 1072, 76 Am. St. 655.

If there was any evidence from which the jury could reasonably reach the conclusion that the plaintiff was seduced by the defendant, as charged in the complaint, no matter how sharp the conflict in the evidence may be, it was the duty of the court to overrule the motion presented and leave the questions of fact to the jury. This rule of law is so well established that we cite no authority in support of same. There was no error in overruling defendant's motion to instruct the jury to return a verdict for the defendant on the third paragraph of the complaint.

The giving of instruction No. 13 is another of the reasons stated in the motion for a new trial, and this instruction, as given, was in terms as follows: "Under the issues in this cause, it will be incumbent upon you to consider the amended second paragraph of the complaint charging assault and battery, in which the plaintiff complains of the defendant of an injury growing out of said alleged assault and battery. If you should find from a preponderance of the evidence that, upon the occasion or occasions charged in the said second amended paragraph of complaint, the evidence establishes by a preponderance of the evidence thereof that the defendant did, in fact, commit an assault and battery upon the person of the plaintiff, as charged in

the complaint, that, as a result of said assault and battery, she was injured as charged in the complaint, then the court instructs you that the plaintiff would be entitled to recover damages under said amended second paragraph of the complaint, and you should award her such an amount as will reasonably and fairly compensate her for such injury. This would be true only on condition that the plaintiff has not already been compensated by the defendant for such alleged injury. The contention of the defendant is to both paragraphs of complaint; that he caused to be paid to her large sums of money, and later caused to be paid to her the sum of $750 on condition that the same would be accepted by the plaintiff as a full and complete settlement of all alleged injury as set out in the second paragraph of complaint, and also the third paragraph of complaint. If you should find from a preponderance of the evidence that, in truth and in fact, the plaintiff has been *fully compensated* for any injury to her, either for an alleged assault and battery, or for seduction, that said sums and sum of money was accepted by her and used for her benefit as a full and complete settlement of any and all injuries sustained by her, then the court instructs you that the plaintiff could not recover either on the second paragraph of complaint, charging assault and battery, or the third paragraph of complaint charging seduction, and, if you so find, your verdict should be for the defendant." By this instruction, the jury was told that, "If you should find from a preponderance of the evidence that, in truth and in fact, the plaintiff has been *fully compensated* for any injury to her, either for an alleged assault and battery, or for seduction, that said sums and sum of money was accepted by her and used for her benefit as a full and complete settlement of any and all injuries sustained by her," the verdict should be for the defendant. This instruction is erroneous. From it, the

jury might well conclude that it was their duty to find for the plaintiff if the material allegations of her complaint, or either paragraph thereof, had been sustained, even though they might further find that a settlement had been made for a sum that to the jury seemed insufficient in amount. If a settlement was, in fact, made, it, in the absence of fraud or mistake, which is not claimed here, would be binding on the plaintiff, whether it fully compensated her for any injuries received or otherwise. *Cleveland, etc., R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 86 N. E. 485; *Taylor* v. *Chicago, etc., R. Co.* (1919), 186 Iowa 506, 170 N. W. 388; *Chicago, etc., R. Co.* v. *Wicker, Admx.* (1904), 34 Ind. App. 215, 72 N. E. 614; *Trees* v. *Millikan* (1908), 43 Ind. App. 256, 85 N. E. 123.

Instruction No. 15 told the jury, in effect, that, if appellee was unchaste prior to the time she became acquainted with appellant and had sexual relations with him, but that she had reformed and had been living a chaste life before the time of such relations with appellant, she could be again seduced. Complaint is made of this instruction only on the ground that it is not applicable to the evidence. There was sufficient evidence as to this issue to justify the giving of such instruction.

Error in refusing to give each of instructions Nos. 4 and 5 tendered by defendant is claimed. Neither the tendered instructions nor the request that same be given was signed by defendant or his counsel. It is not error to refuse to give instructions that are not so signed, even though the request that same be given is signed. *Board, etc.,* v. *Legg, Admr.* (1887), 110 Ind. 479, 11 N. E. 612; *Houk* v. *Branson* (1896), 17 Ind. App. 119, 45 N. E. 78; *Wiley* v. *State* (1929), 200 Ind. 572, 165 N. E. 313; §§586 and 584, subd. 6, Burns 1926. The signing of exceptions at the close of the instructions, as was done here, is not a signing of the requested in-

structions. *Beatty* v. *Brummett* (1884), 94 Ind. 76; *Folsom* v. *Buttolph* (1924), 82 Ind. App. 283, 307, 143 N. E. 258.

The judgment is reversed, with instructions to the court below to grant a new trial.