SMITH ET AL. *v.* LIPPMAN ET AL.

[No. 27,909. Filed February 28, 1944.]

James A. Emmert, Attorney General, and Walter O. Lewis, of Indianapolis, for appellants.

George W. Douglas, of Valparaiso, for appellees.

FANSLER, C. J.—A Deputy State Fire Marshal inspected a certain building, property of the appellees, and ordered the building removed. The appellees appealed to the State Fire Marshal, who refused to rescind or modify the order, and the appeal was denied. Thereafter the appellees began this action, alleging that the proceedings of the fire marshal are unlawful, arbitrary, and unreasonable. The appellants answered, and there was a trial by the court.

The deputy fire marshal testified that the building was defective in certain respects; that it was leaning, needed paint, some of the siding was missing, and that the wiring was not of an approved type; that the building could be repaired and made safe; that in his judgment the repairs would cost about one-half as much as a new building; that in the opinion of the fire marshal's office it would not be good business to repair, and that therefore they had ordered the building removed. After hearing this evidence, the trial judge made an interlocutory order directing the plaintiffs to make certain changes and repairs in the condition of the building, and decreeing that, upon the repairs being made as ordered within sixty days, the order of the fire marshal would be vacated and set aside. Afterward a final judgment was entered upon a showing to

the satisfaction of the court that the repairs had been made as directed, and the final judgment is to the effect that the order of the fire marshal is vacated.

Errors are assigned as follows:

"1. The court had no jurisdiction or power to render the judgment appealed from.

"2. The court erred in overruling the Appellants' motion for a new trial."

There was no request for a special finding of facts or conclusions of law. There was no appeal from the interlocutory decree requiring the appellees to repair their building in certain respects, and we are only confronted here with the final judgment vacating the order of the fire marshal.

No. 1 of the appellants' assignment of errors refers to the interlocutory portions of the court's order.

The proceedings of the fire marshal were conducted under § 20-807, Burns' 1933, § 9521, Baldwin's 1934, which provides that, if certain conditions involving fire hazards are found by the officers of the department or the fire marshal, "he or they shall order such condition or thing to be remedied or such building or buildings or place, property or thing to be repaired, remedied, or removed." The same section of the statute provides for the filing of a petition by the property owner in the circuit court, praying for a review of the order of the fire marshal, and that the decision of the trial court shall be final. The appellees contend that because of this provision no appeal lies from the judgment of the court. The case of *Moran et al.* v. *Miller, State Fire Marshal, et al.* (1926), 198 Ind. 429, 153 N. E. 890, or certain dicta in the opinion in that case, is relied upon.

The appellants correctly contend that the so-called

review provided for in the statute is an independent action to which the property owner is entitled as a matter of right, and independent of the statute, and that in entertaining the action the court acts judicially and not ministerially, and that an appeal to this court may be taken as of right. See *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 5 N. E. (2d) 501; *Lloyd et al.* v. *City of Gary* (1938), 214 Ind. 700, 17 N. E. (2d) 836; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399; *Russell et al.* v. *Johnson et al.* (1943), 220 Ind. 649, 46 N. E. (2d) 219. These cases, relied upon by the appellants as sustaining the right of appeal, clearly sustain the trial court's right to hear the case and enter a final judgment. As pointed out above, this is the only judgment appealed from. The trial court exercised its equitable jurisdiction in hearing the case, and we are not now called upon to determine whether or not it had authority to require repairs to the building to be made as a condition to rendering final judgment.

The statute authorizes the fire marshal to order the property repaired, or the obnoxious conditions remedied or removed. Since the purpose of the statute is to prevent the maintenance of dangerous structures, and, since the public policy which prompted its enactment is satisfied if the dangers involved are eliminated, the statute may reasonably be construed as permitting an election on the part of the owner as to whether the dangers shall be removed by repair or removal of the structure. In reaching this conclusion we have not considered whether there may be statutes or local ordinances which might in certain cases forbid the repair of buildings of certain types, under certain conditions, since none such are involved here. Under the circumstances, then, the

order of the fire marshal that the building be destroyed was unlawful, arbitrary, and unreasonable, since it did not afford the owner opportunity to repair the building, and this alone would have justified the judgment which, in effect, enjoins the operation of the order. But, upon the merits, it seems clear, from the testimony of the deputy fire marshal, who made the original order, that if the electric wiring were disconnected and certain repairs made on the building, the fire hazard would be eliminated. These repairs and changes seem to have been made before the final judgment. It cannot be doubted that after these repairs were made there is evidence amply sustaining the court's conclusion that there was no fire hazard and no necessity that the building be removed.

The statute seems to contemplate a review by the court, and that the court shall make "such order in the premises as right and justice may require." Courts will not assume the duties of ministerial fact-finding bodies, but will only intervene where the ministerial officer or board has acted unlawfully, arbitrarily, or unreasonably. If the fire marshal had ordered the building repaired, or removed in the alternative, and the property owner had made the repairs which were made at the direction of the court during the trial, and the fire marshal had then ordered the building removed for failure to repair in such a manner as to remove the fire hazard, the evidence would have sustained a conclusion by the court that the fire hazard had been removed by the repairs, and that the further order to remove the building was unlawful, arbitrary, and unreasonable.

Judgment affirmed.

NOTE.—Reported in 53 N. E. (2d) 157.