**409 LAND TRUST, Scott Wharton, Trustee, Appellant–Plaintiff,**

v.

**CITY OF SOUTH BEND, Indiana, Appellee–Defendant.**

No. 71A04–9810–CV–523.

Court of Appeals of Indiana.

April 15, 1999.

Rehearing Denied June 16, 1999.

Donald E. Wertheimer, South Bend, Indiana, Attorney for Appellant.

Ann–Carol Nash, Assistant City Attorney, South Bend, Indiana, Attorney for Appellee.

**OPINION**

RILEY, Judge

### STATEMENT OF THE CASE

Plaintiff–Appellant 409 Land Trust (Trust) appeals the trial court's order granting the motion by the City of South Bend (City) to affirm an order entered by the City's Code Enforcement Division for demolition of property owned by the Trust located at 409 Lincolnway West (409 property) and 409½ Lincolnway West (409½ property) in South Bend.

We affirm.

### ISSUES

The Trust raises three issues which we consolidate and restate as:

1. Whether the trial court's decision to uphold the City's demolition order was arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or in excess of statutory authority.

2. Whether the trial court's affirmance of the City's demolition order amounted to a taking of the Trust's property without due process.

### FACTS AND PROCEDURAL HISTORY

On January 30, 1997, the Trust filed a complaint for judicial review of the findings of fact and action taken by the City, ordering the Trust to post a cash performance bond of $3,500 by January 27, 1997, and to comply with the Division of Code Enforcement order to demolish the property owned by the Trust located at 409 Lincolnway West and 409½ Lincolnway West.

On February 19, 1997, the Trust filed a complaint for judicial review of the findings of fact and action taken by the City, ordering the Trust to comply with the Division of Code Enforcement order to demolish the 409½ property.

On November 14, 1997, the trial court entered an order consolidating the two complaints. That same day, the trial court also entered an Agreed Order, whereby the Trust and the City agreed that the Trust would complete all required exterior repairs to both properties within ninety days of November 10, 1997, and complete all required interior repairs to both properties by April 1, 1998, or the court would affirm the demolition orders.

On February 25, 1998, the City filed a "Motion to Affirm Demolition Orders, Determine Bond Forfeited and Dismiss Appeal."

On March 25, 1998, the trial court entered an "Order Granting in Part and Deferring in Part Motion to Affirm Demolition Orders, Determine Bond Forfeiture and Dismiss Appeal." Pursuant to that order, the court affirmed the demolition order for the 409 property, the bond posted by the Trust pursuant to the Agreed Order was forfeited, and the court dismissed the action as it related to the 409 property. However, the court deferred ruling on the City's motion insofar as it related to the 409½ property, and continued the hearing on the City's motion until April 2, 1998.

On April 13, 1998, the court found that upon consideration of the City's motion and the arguments of the Trust's counsel at the continued hearing on April 2, 1998, the balance of the City's motion to affirm the demolition order should be granted insofar as it related to the 409½ property. The court further dismissed the action. The Trust now brings this appeal of the trial court's order affirming the City's demolition order of the two properties.

### DISCUSSION AND DECISION

#### I.

■ The first issue raised is whether the findings support the trial court's conclusion

that the demolition order was reasonable. The Trust asserts that the Unsafe Building Law provides the Trust with a right to judicial review of the City's order pursuant to Ind.Code § 36-7-9-8, which in turn entitles the Trust to a determination of whether the City's action was arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or in excess of statutory authority. *See Uhlir v. Ritz,* 255 Ind. 342, 345-346, 264 N.E.2d 312, 314 (1970). Specifically, the Trust contends that the City's demolition of the 409½ property was arbitrary, unreasonable and contrary to law because the property had been repaired and made safe. We disagree.

The Trust cites *Smith v. Lippman* in support of its contention that a clear policy exists in Indiana which favors the repair and preservation of properties rather than demolition when defects or unsafe conditions can be remedied by reasonable repair. 222 Ind. 261, 53 N.E.2d 157 (1944). However, the court in *Smith* specifically stated that "[u]nder the circumstances, then, the order of the fire marshall that the building be destroyed was unlawful, arbitrary, and unreasonable, since it did not afford the owner opportunity to repair the building. . . ." *Id.,* 53 N.E.2d at 157.

We agree that where a building can be reasonably repaired, it may be improper to order demolition of the property. However, the evidence before us clearly demonstrates not only that the Trust had been afforded ample opportunity to repair the property, but it also agreed with the City to complete repairs and pass inspection of the exterior of the buildings by February 10, 1998, or be subject to an order affirming demolition. The relevant sections of the Agreed Order entered on November 14, 1997 included:

4. Plaintiff 409 Land Trust shall complete all required exterior repairs to both 409 Lincolnway West and 409½ Lincolnway West and both properties shall pass inspection by the Division of Code Enforcement within 90 days of November 10, 1997, or the Court shall affirm the demolition orders from which Plaintiff's complaint for judicial review are taken.

5. Plaintiff shall complete all required interior repairs to both 409 Lincolnway West and 409½ Lincolnway West and both properties shall pass inspection by the Division of Code Enforcement on or before April 1, 1998, or the Court shall affirm the demolition orders from which plaintiff's complaint for judicial review are taken.

(R. 69). The judicial policy of Indiana strongly favors settlement agreements. *Klebes v. Forest Lake Corp.,* 607 N.E.2d 978, 982 (Ind.Ct.App.1993). It is well-settled that in the absence of fraud or mistake a settlement is as binding and conclusive of the parties' rights and obligations as a judgment on the merits. *Burke v. Middlesworth,* 92 Ind.App. 394, 174 N.E. 432 (1930). If a party agrees to settle a pending action but then refuses to consummate the settlement agreement, the opposing party may obtain a judgment enforcing the agreement from the court before which the action is pending. *Klebes,* 607 N.E.2d at 982. A challenge to the trial court's enforcement of a settlement agreement is reviewed for sufficiency of the evidence. *Id.*

In the case at hand, we find adequate evidence to conclude that the Trust failed to consummate the conditions of the Agreed Order from the affidavit filed on February 28, 1998, of Kathleen J. Dempsey (Dempsey), the Director of Code Enforcement for the City of South Bend. Dempsey stated that she had inspected the properties on numerous occasions both before and after the Agreed Order entered on November 14, 1997. Dempsey further stated that the Trust's contractor began to make repairs to the exterior of the buildings as provided by the Agreed Order, but then refused to complete the repairs and stopped shortly after the work began. The Trust had not retained another contractor to complete the repairs to the properties, and no substantial repairs had been performed since the contractor refused to continue work on the properties. At the time of Dempsey's affidavit, the repairs were far from complete, more than ninety days had passed since November 10, 1997, neither property had been repaired or passed inspection, and both properties remained in a seriously substandard condition without the

prospect that repairs would be completed within the near future.

Therefore, given the fact that the Trust had agreed to repair the properties by a certain date or face demolition orders, had been given permits to repair the properties, and failed to perform the repairs within the agreed time period, we conclude that the trial court's order affirming the City's demolition order was not arbitrary, capricious, an abuse of discretion, or in excess of statutory authority.

## II.

■ We next address the Trust's contention that the City's enforcement of the building standards by demolishing its properties was a taking of property, depriving the Trust of due process rights. Specifically, the Trust argues that the City's demolition of its properties was a total deprivation and the Trust was entitled to an opportunity to fully and fairly litigate the merits of the City's demolition order prior to affirmance by the trial court. We disagree.

Ind.Code § 36–7–9–4, of the Unsafe Building Law defines unsafe buildings as a building or structure that is: "(1) in an impaired structural condition that makes it unsafe to a person or property; (3) a hazard to the public health; (5) dangerous to a person or property because of a violation of a statute or ordinance concerning building condition or maintenance." Furthermore, Ind.Code § 36–7–9–5 allows for the enforcement authority to issue an order requiring action relative to any unsafe premises, including removal of an unsafe building. In this case, the trial court entered an Agreed Order that the Trust was to make the required repairs to the properties within ninety days or the properties would be demolished because the Division of Code Enforcement found the properties to be in violation of building codes.

■ The legislature may, without infringing constitutional prohibitions against the taking of property without compensation, require adherence to regulations enacted in the exercise of the general police power for purposes of public health, safety, or welfare. *City of Gary, etc. v. Ruberto,* 171 Ind.App. 1,

354 N.E.2d 786, 790 (1976). The question of where regulation ends and taking begins must depend upon the particular facts and necessities of each case. *Id.* In the present case, the evidence does not show that the City's actions stepped beyond the bounds of regulation into the area of taking without compensation.

Attempts by the Building Department to enforce building and safety codes do not amount to a taking. *Id.* Ind.Code § 36–7–9–1 et seq. provides procedures and standards for enforcing compliance with the Unsafe Building Law. The evidence in the present case shows that the Trust's properties were not in compliance with building code standards. The Trust filed two complaints for judicial review of the findings of fact and action taken by the City, ordering the Trust to comply with the Division of Code Enforcement order to demolish the real estate owned by the Trust and hearings were conducted for each complaint. The Agreed Order was entered by the court pursuant to the agreements presented to the court at a hearing in these causes, requiring the Trust to repair the properties to meet building codes within ninety days or be demolished. After inspections following the Agreed Order revealed that ninety days had passed since the Agreed Order was entered, neither property had been repaired or passed inspection, and both properties remained in a seriously substandard condition, the demolition orders were affirmed.

The City properly addressed the condition of the buildings under the Unsafe Building Law. The Trust exercised its right to judicial review on two occasions, and then agreed to settle the issues pursuant to a settlement agreement. As we previously stated, a settlement is as binding and conclusive of the parties' rights and obligations as a judgment on the merits. *Burke,* 92 Ind.App. 394, 174 N.E. 432 (1930). Thus, the Trust was not deprived of its property without due process because it was afforded adequate due process, but chose instead to settle the issues pursuant to an agreement. Furthermore, this is not a taking of private property. It is an exercise of police power for purposes of

protecting public health, safety, or welfare from unsafe buildings.

### CONCLUSION

The trial court's decision to uphold the City's demolition order was not arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or in excess of statutory authority because the Trust chose to settle the issue pursuant to the Agreed Order. The trial court's affirmance of the City's demolition order did not amount to a taking of the Trust's property without due process. Instead, the demolition of the properties was an exercise of the City's police power to protect the public from unsafe buildings.

Affirmed.

STATON, J., and BROOK, J., concur.