**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANTS:

**GEORGE M. PLEWS**
**COLIN E. CONNOR**
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DONNA H. FISHER**
Smith Fisher Maas & Howard, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VALLE VISTA LIMITED, LLC, | ) | |
| | ) | |
| Appellant/Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 41A05-1309-PL-481 |
| | ) | |
| SELECTIVE INSURANCE COMPANY | ) | |
| OF SOUTH CAROLINA, | ) | |
| | ) | |
| Appellee/Defendant. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Kevin M. Barton, Judge
Cause No. 41D01-1011-PL-84

**June 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant/Plaintiff Valle Vista Limited, LLC, operates a country club in Greenwood and was insured by Appellee/Defendant Selective Insurance Company of South Carolina when the club's roof and rooftop HVAC units were damaged in a hail storm in April of 2006. Valle Vista and Selective could not agree on the amount of the damage and so submitted the claim to appraisal. After this appraisal, Valle Vista filed suit, seeking to set aside the appraiser's award. In August of 2011, the parties reached a negotiated settlement of the lawsuit ("the Agreement"), which provided for a second appraisal by an umpire of the damage to Valle Vista's tile roof. The agreement provided, *inter alia*, that the umpire's award "shall be final and binding" and that Selective "shall pay no more than Five Hundred Thousand Dollars[.]"

Following a hearing, the umpire awarded Valle Vista $444,455.48 as compensation for its roof damage plus $172,132.31 in prejudgment interest. Selective made a payment to Valle Vista which, along with a previous payment for roof damage, came to $500,000.00. Valle Vista failed to dismiss the lawsuit as provided for in the Agreement and objected to Selective's payment. In December of 2012, Selective filed a motion to compel dismissal of the lawsuit, a motion that was ultimately granted. Valle Vista contends that the trial court erred in allegedly overturning the umpire's award and in concluding that Selective complied with the terms of the Agreement. Concluding that the trial court committed no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

On or about April 16, 2006, Valle Vista suffered extensive hail damage to its property, damages covered under its insurance policy ("the Policy") with Selective. At some point in 2008, the parties submitted the claim to an appraisal process, as provided for in the Policy. On July 9, 2009, the umpire issued its award finding, in part, that Selective owed Valle Vista $80,132.00 for roof repair. Also on July 9, 2009, Valle Vista sued Selective, alleging that Selective had not honored the terms of the Policy and had failed to negotiate a settlement in good faith and that the umpire had ordered payment for actual cash value and not replacement cost, as provided for in the Policy.

On August 19, 2011, Valle Vista and Selective entered into the Agreement, which, *inter alia*, contained a new appraisal procedure for Valle Vista's roof damage:

> 3. Appraisal Procedure. Valle Vista and Selective agree to conduct a second appraisal to determine any amount due and owing Valle Vista under Selective's Policy for the damaged roof in the Lawsuit. The appraisal procedure shall be conducted according to the following provisions:
>    a. Each party may submit two (2) names of prospective umpires to William Baten of Van Winkle Baten Dispute Resolution in Indianapolis, Indiana. Mr. Baten will select a single umpire either from the parties' suggestions or of his own choosing. The umpire's award will be binding. The umpire's costs will be split evenly by the parties. All other costs during the appraisal process will be paid by the respective parties.
>    b. The umpire will address two issues:
>       1. The nature and extent of the damage to Valle Vista's tile roof caused by the storm.
>       2. The amount which must be paid by Selective for such damage under the terms and conditions of the Policy.
>    c. The only issues before the umpire will be the above issues and not bad faith or the replacement cost of Valle Vista's HVAC units. The Policy is stipulated into evidence.
>    ….

   i. The parties agree that the appraisal procedure shall be subject to a high-low agreement under which, regardless of the umpire's award, Valle Vista shall receive no less than One Hundred Twenty-five Thousand Dollars ($125,000.00) (which amount shall include any amount previously paid Valle Vista by Selective for roof damage) and Selective shall pay no more than Five Hundred Thousand Dollars ($500,000.00) (which amount shall include any amount previously paid to Valle Vista by Selective for roof damage).

   j. Payment of any amount due under this Agreement shall be made within fifteen (15) days of the umpire's award.

   k. The amount of the umpire's award shall be final and binding.

  ….

  4. <u>Withdrawal and Release</u>. In exchange for the consideration provided in paragraph 1 of this Agreement entitled "Up-Front Payment to Valle Vista" and for any payment for the roof's damage pursuant to the appraisal procedure provided in paragraph 3 of this Agreement entitled "Appraisal Procedure":

   a. Valle Vista agrees that it will dismiss the Lawsuit with prejudice within three (3) business days of receiving payments under paragraphs 1 and 3 above.

Appellant's App. pp. 786-88.

On November 20, 2012, the umpire issued the following:

AWARD

  The undersigned umpire does hereby render the following full and final award:

  … I find that Valle Vista is entitled to replacement cost for its roof, and it is entitled to the following relief:

  1. Payment of the full replacement cost of its roof in the amount of $444,445.48.

  2. Prejudgment interest at the rate of 8% per anum, from December 18, 2007, in the amount of $172,132.31.

Appellant's App. p. 918. The umpire's total award was therefore $616,587.79. On December 3, 2012, Selective paid Valle Vista $500,000.00 (minus the $80,132.00 it had already paid). Valle Vista did not dismiss the lawsuit but, instead, wrote Selective's counsel requesting the balance of the umpire's award.

4

On December 21, 2012, Selective filed a motion to compel dismissal of the lawsuit pursuant to the Agreement, which motion was granted on April 2, 2013. Meanwhile, on January 3, 2013, Valle Vista petitioned the umpire to declare that prejudgment interest was not subject to the $500,000.00 limit in the Agreement. On April 30, 2013, the umpire issued a new ruling finding that prejudgment interest was not subject to the $500.000.00 limit because it was a "collateral litigation expense" and that Selective was therefore obligated to pay the entire amount of the umpire's award. Appellant's App. p. 190. On May 2, 2013, Valle Vista filed a motion to correct error, which the trial court denied.

## DISCUSSION AND DECISION

### Whether the Trial Court Erred in Granting
### Selective's Motion to Compel Dismissal

Selective contends that it complied with the Agreement and that Valle Vista was therefore obligated to dismiss its lawsuit with prejudice within three business days of receiving payment, as provided for in the Agreement. It is well-settled that in the absence of fraud or mistake a settlement is as binding and conclusive of the parties' rights and obligations as a judgment on the merits. *Burke v. Middlesworth*, 92 Ind. App. 394, 399, 174 N.E. 432, 433 (1930). If a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement from the court before which the action is pending." *Brant Const. Co. v. Lumen Const. Co.*, 515 N.E.2d 868, 876 (Ind. Ct. App. 1988), *trans. denied*. Although the parties differ on the proper standard of review, all seem to agree

5

that resolution of this appeal boils down to applying the terms of the Agreement to facts that are not in dispute, which means that this court is required to interpret the Agreement as a matter of law.

"Construction of settlement agreements is governed by contract law." *Ind. State Highway Comm'n v. Curtis*, 704 N.E.2d 1015, 1018 (Ind. 1998). "The first rule in the interpretation of contracts is to give meaning and effect to the intention of the parties as expressed in the language of the contract." *Stech v. Panel Mart, Inc.*, 434 N.E.2d 97, 100 (Ind. Ct. App. 1982). "In ascertaining the intention of the parties, a court must construe the instrument as a whole, giving effect to every portion, if possible." *Id.* "In interpreting an unambiguous contract, a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent." *Oxford Fin. Group, Ltd. v. Evans*, 795 N.E.2d 1135, 1142 (citing *Hyperbaric Oxygen Therapy Sys., Inc. v. St. Joseph Med. Ctr. of Ft. Wayne, Inc.*, 683 N.E.2d 243, 247 (Ind. Ct. App. 1997)). "Courts may not construe clear and unambiguous provisions, nor may it add provisions not agreed upon by the parties." *Id.* (Ind. Ct. App. 2003) (citing *Hyperbaric Oxygen Therapy Sys.*, 683 N.E.2d at 247-48). However, it is well-settled that "[i]f the terms of a written contract are ambiguous, it is the responsibility of the trier-of-fact to ascertain the facts necessary to construe the contract." *Newnam Mfg., Inc. v. Transcon. Ins. Co.*, 871 N.E.2d 396, 401 (Ind. Ct. App. 2007). "A contract is ambiguous only if reasonable persons would differ as to the meaning of its terms." *Oxford Fin. Group*, 795 N.E.2d at 1142 (citing *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002)).

6

As previously mentioned, the Agreement provided, in relevant part, as follows: "The parties agree that the appraisal procedure shall be subject to a high-low agreement under which, *regardless of the umpire's award*, … *Selective shall pay no more than Five Hundred Thousand Dollars ($500,000.00)* (which amount shall include any amount previously paid to Valle Vista by Selective for roof damage)." Appellant's App. p. 787 (emphases added). There is nothing ambiguous about this passage: The Agreement clearly indicates that Selective shall pay Valle Vista *no more* than $500,000.00, with *no* exceptions for prejudgment interest or anything else. Whether designated a "collateral litigation expense" or part of the award proper, prejudgment interest must still be paid, and the Agreement strictly limits the amount that Selective must pay. Because Selective lived up to its end of the bargain, Valle Vista breached the Agreement by failing to dismiss its lawsuit within three business days. The trial court did not err in entering judgment enforcing the terms of the Agreement and dismissing Valle Vista's lawsuit against Selective.

We affirm the judgment of the trial court.

RILEY, J., and ROBB, J., concur.